**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOAN HOLMES, a Connecticut resident, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 10-cv-8085 |
| | ) |
| UNITED AIR LINES, INC., a Delaware Corporation, and UNITED CONTINENTAL HOLDINGS, INC., a Delaware Corporation. | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOAN HOLMES, by and through her attorneys, LEVIN, RIBACK LAW GROUP, P.C., and complaining of the Defendants, UNITED AIR LINES, INC., a Delaware Corporation, and UNITED CONTINENTAL HOLDINGS, INC., a Delaware Corporation, alleges as follows:

## PARTIES

1. Plaintiff, Joan Holmes, is a citizen of Connecticut, residing, and at all relevant times resided, in Southbury, Connecticut.

2. Defendant, UNITED AIR LINES, INC., is a corporation organized under the laws of Delaware, and at all relevant times had its principle place of business at 77 West Wacker Drive, Chicago, Illinois, 60601.

3. Defendant, UNITED CONTINENTAL HOLDINGS, INC., is a corporation organized under the laws of Delaware and at all relevant times had its principle place of business at 77 West Wacker Drive, Chicago, Illinois, 60601.

1

**JURISDICTION**

4. The claims against these defendants are for the tort of negligence arising under the law of the State of Illinois.

5. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

**VENUE**

6. Venue is appropriate in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to this claim occurred in Chicago, Illinois, and the Defendants' principle places of business are located in Chicago, Illinois.

**COUNT I NEGLIGENCE
UNITED AIR LINES, INC.**

7. Plaintiff re-alleges and reincorporates as if fully set forth herein the allegations contained in Paragraphs 1 through 6 above.

8. At all relevant times, Defendant, UNITED AIR LINES, INC., was a common carrier that undertakes for hire to transport such persons and/or the goods of such persons as choose to employ it.

9. On or before December 24, 2009, Defendant, UNITED AIR LINES, INC., owned and/or operated a commercial passenger flight with service from Burlington, Vermont, to Chicago, Illinois.

10. On or before December 24, 2009, Plaintiff, Joan Holmes, was a fee-paying passenger on the aforementioned flight.

11. At all relevant times, Defendant, UNITED AIR LINES, INC., a common carrier, owed the highest duty of care to the Plaintiff as a passenger on the aforementioned flight.

12. At all relevant times, Defendant, UNITED AIR LINES, INC., owed a duty to the Plaintiff and other passengers to provide a safe means to deplane the aforementioned flight.

13. On or before December 24, 2009, the Defendant, UNITED AIR LINES, INC., owned and maintained a metal ladder, which it provided as a means to deplane Plaintiff and other passengers from the aforementioned flight.

14. On December 24, 2009, Defendant, UNITED AIR LINES, INC., required Plaintiff and other passengers to deplane the aforementioned flight by means of the above referenced ladder.

15. At all relevant times, Plaintiff exercised due care and caution for her own safety while alighting from the aforementioned flight by means of the above referenced ladder.

16. At all relevant times, Defendant, UNITED AIR LINES, INC., owed a duty to maintain and keep the above referenced ladder in good order for use by the Plaintiff and other passengers deplaning the aforementioned flight.

17. On December 24, 2009, notwithstanding its duties, Defendant, UNITED AIR LINES, INC., a corporation, by and through its agents and employees, committed one or more of the following acts and/or omissions:

    (a) Carelessly and negligently failed to provide a safe, suitable, and proper means for Plaintiff and other passengers to deplane the aforementioned flight;

(b) Carelessly and negligently failed to go to another gate so that Plaintiff and other passengers could deplane the aforementioned flight by means of a jetway;

(c) Carelessly and negligently failed to wait for another gate to become available so that Plaintiff and other passengers could deplane the aforementioned flight by means of a jetway;

(d) Carelessly and negligently failed to provide a stairway ramp for use by Plaintiff and other passengers to deplane the aforementioned flight;

(f) Carelessly and negligently required Plaintiff and other passengers to deplane by means of the subject ladder when Defendant knew or in the exercise of ordinary care should have known that doing so presented a hazard given the weather conditions;

(g) Carelessly and negligently failed to equip the ladder with adequate safeguards, including but not limited to traction tape or other slip protection, when Defendant knew or in the exercise of ordinary care should have known that such safety measures were necessary to prevent injury to Plaintiff and other passengers from slipping while using the ladder;

(h) Carelessly and negligently failed to properly maintain the ladder when Defendant knew, or in the exercise of due care should have known that the lack of safeguards on the ladder posed a hazard to Plaintiff and other passengers using the ladder;

(i) Carelessly and negligently failed to warn Plaintiff of the hazard posed by the lack of safeguards on the ladder, and the dangerous condition then and there existing, when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to Plaintiff and other passengers using the ladder;

(j) Carelessly and negligently allowed an unnatural accumulation of water to be present on the steps of the ladder, when Defendant knew or in the exercise of ordinary care should have known that the presence of water posed a hazard to Plaintiff and other passengers using the ladder;

(k) Carelessly and negligently allowed an unnatural accumulation of water to be present on the handrails of the ladder, when Defendant

4

     knew or in the exercise of ordinary care should have known that the presence of water posed a hazard to Plaintiff and other passengers using the ladder;

  (l) Carelessly and negligently failed to correct the hazardous condition posed by the unnatural accumulation of water on the steps of the ladder, when Defendant knew or in the exercise of ordinary care should have known that such correction was necessary to prevent injury to Plaintiff and other passengers using the ladder;

  (m) Carelessly and negligently failed to correct the hazardous condition posed by the unnatural accumulation of water on the handrails of the ladder, when Defendant knew or in the exercise of ordinary care should have known that such correction was necessary to prevent injury to Plaintiff and other passengers using the ladder;

  (n) Carelessly and negligently failed to warn Plaintiff of the unnatural accumulation of water on the steps of the ladder, and the hazardous condition then and there existing, when Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to Plaintiff and other passengers using the ladder;

  (o) Carelessly and negligently failed to warn Plaintiff of the unnatural accumulation of water on the handrails of the ladder, and the hazardous condition then and there existing, when Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to Plaintiff and other passengers using the ladder;

  18. As a direct and proximate result of one or more of the foregoing acts and/or omissions, the Plaintiff sustained severe personal and pecuniary injuries when she was caused to slip and fall from the ladder provided by Defendant, UNITED AIR LINES, INC., as the means of deplaning the aforementioned flight.

  19. Plaintiff suffered injuries including, but not limited to, multiple left comminuted calcaneus fractures and compression fractures at L1-L2, which have required casting, surgery, and extensive rehabilitation, which have caused and will

continue to cause her pain and suffering in the future and for which she was caused to incur tens of thousands of dollars in medical bills.

WHEREFORE, Plaintiff, JOAN HOLMES, demands judgment against the Defendant, UNITED AIR LINES, INC., in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS and costs of bringing this action.

## COUNT II NEGLIGENCE
## UNITED CONTINENTAL HOLDINGS, INC.

20. Plaintiff re-alleges and reincorporates as if fully set forth herein the allegations contained in Paragraphs 1 through 19 above, including all subparagraphs.

21. At all relevant times, Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., was a common carrier that undertakes for hire to transport such persons and/or the goods of such persons as choose to employ it.

22. On or before December 24, 2009, Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., owned and/or operated a commercial passenger flight, with service from Burlington, Vermont, to Chicago, Illinois.

23. On or before December 24, 2009, Plaintiff, Joan Holmes, was a fee-paying passenger on the aforementioned flight.

24. At all relevant times, Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., a common carrier, owed the highest duty of care to the Plaintiff as a passenger on the aforementioned flight.

25. At all relevant times, Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., owed a duty to the Plaintiff and other passengers to provide a safe means to deplane the aforementioned flight.

26. On or before December 24, 2009, the Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., owned and maintained a metal ladder, which it provided as a means to deplane Plaintiff and other passengers from the aforementioned flight.

27. On December 24, 2009, Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., required Plaintiff and other passengers to deplane the aforementioned flight by means of the above referenced ladder.

28. At all relevant times, Plaintiff exercised due care and caution for her own safety while alighting from the aforementioned flight by means of the above referenced ladder.

29. At all relevant times, Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., owed a duty to maintain and keep the above referenced ladder in good order for use by the Plaintiff and other passengers deplaning the aforementioned flight.

30. On December 24, 2009, notwithstanding its duties, Defendant, UNITED CONTINENTAL HOLDINGS, INC., a corporation, by and through its agents and employees, committed one or more of the following acts and/or omissions:

    a) Carelessly and negligently failed to provide a safe, suitable, and proper means for Plaintiff and other passengers to deplane the aforementioned flight;

(b) Carelessly and negligently failed to go to another gate so that Plaintiff and other passengers could deplane the aforementioned flight by means of a jetway;

(c) Carelessly and negligently failed to wait for another gate to become available so that Plaintiff and other passengers could deplane the aforementioned flight by means of a jetway;

(d) Carelessly and negligently failed to provide a stairway ramp for use by Plaintiff and other passengers to deplane the aforementioned flight;

(f) Carelessly and negligently required Plaintiff and other passengers to deplane by means of the subject ladder when Defendant knew or in the exercise of ordinary care should have known that doing so presented a hazard given the weather conditions;

(g) Carelessly and negligently failed to equip the ladder with adequate safeguards, including but not limited to traction tape or other slip protection, when Defendant knew or in the exercise of ordinary care should have known that such safety measures were necessary to prevent injury to Plaintiff and other passengers from slipping while using the ladder;

(h) Carelessly and negligently failed to properly maintain the ladder when Defendant knew, or in the exercise of due care should have known that the lack of safeguards on the ladder posed a hazard to Plaintiff and other passengers using the ladder;

(i) Carelessly and negligently failed to warn Plaintiff of the hazard posed by the lack of safeguards on the ladder, and the dangerous condition then and there existing, when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to Plaintiff and other passengers using the ladder;

(j) Carelessly and negligently allowed an unnatural accumulation of water to be present on the steps of the ladder, when Defendant knew or in the exercise of ordinary care should have known that the presence of water posed a hazard to Plaintiff and other passengers using the ladder;

(k) Carelessly and negligently allowed an unnatural accumulation of water to be present on the handrails of the ladder, when Defendant knew or in the exercise of ordinary care should have known that

        the presence of water posed a hazard to Plaintiff and other passengers using the ladder;

    (l)    Carelessly and negligently failed to correct the hazardous condition posed by the unnatural accumulation of water on the steps of the ladder, when Defendant knew or in the exercise of ordinary care should have known that such correction was necessary to prevent injury to Plaintiff and other passengers using the ladder;

    (m)    Carelessly and negligently failed to correct the hazardous condition posed by the unnatural accumulation of water on the handrails of the ladder, when Defendant knew or in the exercise of ordinary care should have known that such correction was necessary to prevent injury to Plaintiff and other passengers using the ladder;

    (n)    Carelessly and negligently failed to warn Plaintiff of the unnatural accumulation of water on the steps of the ladder, and the hazardous condition then and there existing, when Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to Plaintiff and other passengers using the ladder;

    (o)    Carelessly and negligently failed to warn Plaintiff of the unnatural accumulation of water on the handrails of the ladder, and the hazardous condition then and there existing, when Defendant knew or in the exercise of ordinary care should have known that said warning was necessary to prevent injury to Plaintiff and other passengers using the ladder;

31.    As a direct and proximate result of one or more of the foregoing acts and/or omissions, the Plaintiff sustained severe personal and pecuniary injuries when she was caused to slip and fall from the ladder provided by Defendant, UNITED CONTINENTAL HOLDINGS, INC., by and through its agent, UNITED AIR LINES, INC., as the means of deplaning the aforementioned flight.

32.    Plaintiff suffered injuries including, but not limited to, multiple left comminuted calcaneus fractures and compression fractures at L1-L2, which have required casting, surgery, and extensive rehabilitation, which have caused and will

continue to cause her pain and suffering in the future and for which she was caused to incur tens of thousands of dollars in medical bills.

WHEREFORE, Plaintiff, JOAN HOLMES, demands judgment against the Defendant, UNITED CONTINENTAL HOLDINGS, INC., in a sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS and costs of bringing this action.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Dated: December 21, 2010**

                                              Respectfully submitted,

                                 By:   /s/ Richard I. Levin
                                            Attorney for Plaintiff

LEVIN RIBACK LAW GROUP, P.C.
Attorney No. 40280
60 West Randolph Street
Suite 333
Chicago, Illinois 60601
(312) 782-6717
rlevin@levinriback.com